**In re ELEGANT CONCEPTS, LTD., Debtor.**

**Bankruptcy No. 086–60160–21.**

United States Bankruptcy Court, E.D. New York.

Dec. 15, 1986.

See also 61 B.R. 723.

916

Philip Irwin Aaron, P.C. by Allan Men-
delsohn, Jericho, N.Y., for debtor.

Susan E. O'Grady-Dougherty, Centerport, N.Y., pro se and for John C. Dougherty.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Before the Court is a motion identified as "pursuant to 11 U.S.C. § 362(h)," made by the Chapter 11 debtor, Elegant Concepts, Ltd. ("Elegant" or "the debtor"), against John C. Dougherty and Susan E. O'Grady-Dougherty ("respondents"). The debtor seeks an order finding a deliberate violation by the respondents of the automatic stay provision of 11 U.S.C. § 362(a), and requests an award of costs, attorney's fees and punitive damages, along with a certification of contempt by this Court to the United States District Court for the Eastern District of New York.

The respondents, who are represented by Susan E. O'Grady, who appears *pro se* on behalf of herself and as attorney for John C. Dougherty, have cross-moved for "[l]eave to delete Elegant Concepts, Ltd. from a pending State action as a defendant." They also ask that the debtor's motion be denied.

Section 362(h) was added to the Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Public Law No. 98–353 (1984). It reads:

An individual injured by any willful violation of a stay provided by this section [§ 362] shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

■ Section 362 is the source of the statutory stay that automatically protects a debtor as soon as a petition under Chapter 11 is filed. It stays a variety of actions, including the commencement, or continuation, of any judicial proceeding that could have been commenced before the petition was filed.

## JURISDICTION

■ The proceeding authorized by § 362(h) is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1). *In re Depew,* 51 B.R. 1010 (Bankr.E.D.Tenn. 1985). Although such a proceeding is not explicitly listed in 28 U.S.C. § 157(b)(2), its character is such as to put it within the category of core proceedings. Core proceedings embrace those matters traditionally within the jurisdiction of that bankruptcy court, in that they relate to the administration of the bankruptcy estate. The automatic stay, a creature peculiar to federal bankruptcy law, plays a fundamental role in the administration of the Bankruptcy Code. *See, Better Homes of Virginia v. Budget Service Co.,* 52 B.R. 426, 429 (E.D. Va.1985). The stay shields the debtor's assets during the pendency of the proceedings and also provides a Chapter 11 debtor with the breathing space needed to formulate a plan of reorganization. Motions to terminate, annul or modify the automatic stay are specifically defined as core proceedings. 28 U.S.C. § 157(b)(2)(G). A motion to punish a creditor for the violation of the automatic stay is the obverse face of a motion to be relieved from the stay. Both properly belong within the jurisdiction of the bankruptcy court to hear and determine.

■ In view of the fact the debtor is seeking to recover punitive damages, the Court questions whether, since the debtor seeks to recover money, the debtor should not have initiated an adversary proceeding, as required by Bankruptcy Rule 7001(1), rather than proceeding by motion. However, at least one court has accepted a motion as appropriate. *In re Depew, supra.* Moreover, respondents have raised no objections, thereby waiving any procedural irregularity. The applicability of Bankruptcy Rule 9014 to any contested matter brought on by motion, as well as the two hearings this court has held in this matter, have accorded respondents the same substantive rights they would have enjoyed had the debtor brought their con-

tempt before the Court by complaint rather than by motion.

Before leaving issues of procedure and jurisdiction, one further issue remains to be discussed. The debtor's motion seeks more than what § 362(h) encompasses. The debtor not only seeks sanctions for the past violation of § 362, but appropriately invokes civil contempt for the purposes of putting an end to a continuing violation. The debtor does not ask the Bankruptcy Court itself to impose sanctions, but petitions it to certify the continuing contempt to the district court. No doubt the debtor has elected this course of conduct because the power of the bankruptcy courts to impose sanctions for civil contempt is unclear. *See, Matter of Kalpana Electronics, Inc.,* 58 B.R. 326 (Bankr.E.D.N.Y.1986); *In re Taylor,* 59 B.R. 197, 200–201 (Bankr.M.D. La.1986); *In re Crabtree,* 47 B.R. 150, 155 (Bankr.E.D.Tenn.1985).[1]

More recently, however, one bankruptcy court within the Second Circuit has held that "subject to the control and review of the district court, a bankruptcy court may exercise the power of civil contempt in order to coerce compliance with lawful orders in core proceedings." *In re L.H. & A. Realty, Inc.,* 62 B.R. 910, 918 (Bankr.D.Vt. 1986). Furthermore, the Court in *Kalpana, supra,* concluded that "if the underlying matter out of which the contempt arises is 'core,' then the contempt proceeding is also core." *Id.* at 334. Similarly, Judge Conrad in *L.H. & A. Realty* held that "an implicit power to enforce the orders of the bankruptcy court in core proceedings is incidental to its authority to decide core proceedings." *In re L.H. & A. Realty, Inc.,* 62 B.R. at 913.

■ As noted earlier, proceedings relating to the automatic stay are "core" proceedings. Therefore, in the view of this Court, a contempt proceeding claiming violation of the automatic stay is also a "core" proceeding and, therefore, within the jurisdiction of this Court. For these reasons, the Court is declining the invitation to certify the contempt it finds present to the district court, and will itself impose sanctions to terminate such contempt. It finds the power to do this in 28 U.S.C. § 157(b)(1) and specifically in the power given it to enter "appropriate orders and judgments" in all core proceedings. *See, In re Industrial Tool Distributors,* 55 B.R. 746, 749–50 (N.D.Ga.1985).

## FINDINGS OF FACT

The facts relevant to the present motion, as brought out in two hearings held by this Court, and as appear from the papers filed by the parties, are few and largely incontrovertible.

On March 10, 1986, Elegant filed a petition for relief under Chapter 11, automatically staying the commencement or continuation of any proceeding against it that could have been commenced prior to that date.

On May 13, 1986, the respondents, for whom Susan E. O'Grady acted as attorney, served, as plaintiffs, a "Summons with Notice" on Elegant, naming Elegant as a defendant, plus other persons. The caption identified the court in which the action was

---

1. Several courts, with a broad eye towards the Supreme Court's landmark decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), have expressed concern that the exercise of civil contempt authority by a bankruptcy court contravenes important values contained in Article III of the Constitution. *See, e.g., In re Cox Cotton Co.,* 24 B.R. 930 (E.D.Ark.1982), *rev'd on other grounds, sub nom., Lindsey v. Ipoch,* 732 F.2d 619 (8th Cir.1984), *cert. denied sub nom., Cryts v. French,* 469 U.S. 881, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984); *In re Continental Airlines,* 61 B.R. 758 (S.D.Texas 1986). Other courts, however, have found no constitutional impediment to the exercise of such authority. *See, In re L.H. & A. Realty, Inc.,* 62 B.R. 910, 915–917 (Bankr.Vt.1986); *Better Homes of Virginia, Inc. v. Budget Service Co.,* 52 B.R. 426, 430–431 (E.D.Va.1985). Furthermore, recent Supreme Court opinions concerning the scope of Article III clearly demonstrate an inclination by the Court to construe *Northern Pipeline* in a narrower fashion. *See, Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 105 S.Ct. 3325, 3335, 87 L.Ed.2d 409 (1985); *Commodity Futures Trading Comm'n v. Schor,* —— U.S. ——, 106 S.Ct. 3245, 3257–3260, 92 L.Ed.2d 675 (1986).

brought as the Supreme Court of the State of New York, County of Suffolk. The summons required service of a notice of appearance on the plaintiffs' attorney within 20 days after service, and provided that "in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below." The Notice demanded judgment for 18 million dollars, with interest, plus costs and disbursements, as damages, both actual and punitive, for malicious prosecution, defamation and libel.

Many of the allegations in the Notice duplicated allegations in an earlier summons and complaint, dated May 7, 1986, brought against some of the same defendants, but not including Elegant. Paragraph 28 of the earlier May 7th complaint alleged: "Defendants [sic], Elegant Concepts, Ltd., upon information and belief, have now been put into Chapter 11 bankruptcy proceedings."

Following receipt of the Summons and Notice, Elegant's lawyer filed the instant motion in this Court on July 15, 1986. Susan E. O'Grady, in opposition to Elegant's motion and in support of her own cross-motion for leave to delete Elegant from the pending state action, submitted her own affirmation in which she explained that she prepared her summons on Elegant as a defendant on May 13th because the statute of limitations on the claim against Elegant for malicious prosecution would have run on May 14, 1986.

Her affirmation continues: "I had no actual knowledge that Elegant Concepts, Ltd. was in bankruptcy but had heard such rumors. I was not aware that a violation of Federal Law 11 U.S.C. § 362(h) would be committed by the filing and serving of summons with notice."

Her affirmation concludes with the request that the Court not issue a citation of contempt as "our action in serving a summons against Elegant Concepts was not a willful violation of any statute and one which is immediately corrected by this Cross-motion to withdraw the action against debtor."

At the hearing on the motion and cross-motion on July 31, 1986, O'Grady requested time to amend her error by deleting Elegant as a defendant. To permit her to take whatever action in the state court action was required to drop Elegant, the Court modified the automatic stay and adjourned the hearing on the debtor's motion to September 18, 1986.

When the parties again appeared before the Court on that date, however, O'Grady had done nothing to withdraw the state court action against Elegant. She instead submitted an affirmation asserting that there was "no mechanism in the [Supreme] Court for such withdrawal." What she offered, instead, was her declaration "that I, as plaintiff *pro se* and attorney for co-plaintiff, John C. Dougherty, will not proceed with any action against Elegant Concepts, Ltd., so long as they are in the hands of the Bankruptcy Court." (Affirmation of Susan E. O'Grady, 9/11/86).

Elegant's attorney continues to press his motion. He states that his office has been forced to expend between 12 and 17 hours to date due to O'Grady's willful and knowing violations of the automatic stay, that the service of the Summons and Notice by O'Grady necessitated the present motion for contempt, which involved two court hearings, and required a review of all the prior state court files. He wants the state court action against the debtor withdrawn, and demands attorney's fees and punitive damages.

## DISCUSSION

The admitted facts establish beyond peradventure that O'Grady and her client (her husband, John C. Dougherty) have violated the Section 362 stay; that she has done so intentionally and deliberately and, therefore, willfully; that she has persisted in disregarding the § 362 stay and has failed to rectify her violation of it, as she promised to do, and that she has sought to escape responsibility for this breach of the protection the bankruptcy laws throw around the debtor, by claiming ignorance

of the requirements of the Bankruptcy Code, and blandly denying knowledge that Elegant was in Chapter 11.

As a lawyer, Mrs. O'Grady is chargeable with knowledge of the protection that the bankruptcy laws afford a debtor. Certainly after the hearing in this Court on July 31, 1986, she knew that in naming Elegant as a defendant in her Summons and Notice she had violated the automatic stay. Yet she did nothing and took no action to delete Elegant, as she had undertaken to do.

O'Grady supplies no authority other than some unidentified lawyer for her conclusion that a proceeding once begun in Suffolk County Supreme Court cannot be discontinued. She fails to explain why she cannot make use of CPLR 3217(a)(1) to discontinue her action, although it seems squarely to cover the present situation.[2] The Court cannot believe her claim that, after practicing law for ten years, she is still ignorant of how to discontinue a lawsuit and incapable of the research necessary to discover the answer if she does not know it.[3]

Her offer not to proceed against Elegant as long as the Chapter 11 proceeding is pending corroborates her claim to be ignorant of bankruptcy law. § 362 does not stand alone. It is part of a series of interlocking provisions designed to allow a troubled debtor to reorganize and emerge from the bankruptcy court free from debt. It is wholly inconsistent with this statutory scheme to permit a claim for 18 million dollars to remain suspended outside the bankruptcy procedure waiting to be asserted against the reorganized corporation when it is discharged from the protection of the bankruptcy court. Any claim that O'Grady and her husband may have against the debtor corporation has to be asserted now, pursuant to the mechanisms provided in the Bankruptcy Code. Hence, her offer to hold the claim of herself and her husband in suspense simply aggravates and compounds the injury she has already done the debtor by her deliberate disregard of the automatic stay.

■ Her disregard of the laws of bankruptcy is aggravated by her indifference to the requirements of Bankruptcy Rule 9011, the bankruptcy analog to FRCP 11. Bankruptcy Rule 9011 requires every paper served or filed in a case under the Bankruptcy Code with some exceptions not pertinent here to be signed by at least one attorney of record. The signature of an attorney constitutes a certificate "that to the best of his knowledge, information and belief formed after reasonable inquiry, [the document] is well grounded in fact and is warranted by existing law." This imposes two obligations upon an attorney: to ensure both that the facts are as recited, and that what is said is consistent with existing law. "Reasonable inquiry" into both the facts and the law is required.

■ Susan E. O'Grady, in her first affirmation, claimed that she "had no actual knowledge" that Elegant was in bankruptcy. But in the complaint filed by her just one week before she sued Elegant, she alleged "upon information and belief, [Elegant Concepts, Ltd.] have now been put into Chapter 11 bankruptcy proceedings." Therefore, her denial of "actual knowledge" of Elegant's Chapter 11 proceedings was a half truth, incompatible with the obligations of candor required of an attorney at law.

■ In the same affirmation in which Susan E. O'Grady denied knowledge of Elegant's bankruptcy, she undertook to withdraw the pending state court proceeding against Elegant. Only now does she belatedly advise this Court that she has discovered that this is impossible. If that were correct, she should have discovered it to be

---

**2.** CPLR § 3217(a)(1) provides that, within 20 days of serving a complaint, or at any time prior to the receipt of a responsive pleading, "[A] party asserting a claim may discontinue it by serving upon all parties to the action a notice of discontinuance, and filing the notice with proof of service with the clerk of the court." O'Grady has never served a complaint upon Elegant.

**3.** The papers she prepared in the state court proceeding, attached to the debtor's motion, display a degree of professionalism that is sadly lacking in the instant matter.

so before promising to do what she now says cannot be done. If withdrawal is, in fact, impossible, "reasonable inquiry" on her part would have exposed the fact before she signed her first affirmation.

In O'Grady's first affirmation she undertook to delete the debtor; her second affirmation she claims that this cannot be done. Both affirmations cannot be correct. Both cannot have been formed "after reasonable inquiry." These documents thus patently fail to meet the requirements of Bankruptcy Rule 9011.

■ Congress, in Bankruptcy Rule 9011, provided the Court with the authority "on its own initiative" to impose on a signing attorney, on the represented party, or both, appropriate sanctions if a signed document violates the Rule. Such sanctions may include an order to pay the other party reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fees. Pursuant to Bankruptcy Rule 9011, and independent of this Court's powers under § 362(h), this Court is assessing attorney's fees against O'Grady and her client, John C. Dougherty, in the amount of $750.00, for which they shall be both severally and collectively liable.

■ Turning now to the contempt present here, O'Grady's violation of the automatic stay has put the debtor to substantial trouble and expense. The debtor has been forced to take steps in the state court to prevent entry of a default judgment of 18 million, and has been forced to bring on this contempt proceeding and to return to this court on two separate occasions for a hearing on this motion.

Because of O'Grady's willful violation of the § 362 stay, the debtor is entitled to recover from her its costs and attorney's fees. The Court therefore imposes, pursuant to § 362(h), the same attorney's fees, $750.00, as the Court assessed under Bankruptcy Rule 9011.

■ Furthermore, because of the various aggravating circumstances present here, which include O'Grady's false denial of knowledge that Elegant had filed under Chapter 11, her continuing violation of § 362(a), and her denial of knowledge of how to bring the violation to an end in the face of her promise to do so, punitive damages of $500.00 are assessed against her.

■ No punitive damages will be assessed at this time against her husband because the Court does not know how much he knew of the action taken in his name by his wife. However, if the pending state court proceeding is not swiftly discontinued, he will be held liable as well. To make certain he cannot claim that he did not know what is required of him, a copy of this Opinion will be mailed to him directly.

■ We come now to the fact that the violation still persists. O'Grady still has not dismissed the proceeding brought against the debtor in violation of the automatic stay; that proceeding is still pending to the great potential prejudice of the debtor and its creditors.

Accordingly, the debtor is entitled, in addition to the remedies given it by § 362(h), to the assistance of the contempt power of this Court to compel the respondents to put an end to their disregard of § 362(a).

## CONCLUSIONS OF LAW

In instituting an action in state court against Elegant Concepts, Ltd. on May 14, 1986, O'Grady and her client violated the automatic stay of 11 U.S.C. § 362(a). The Court, pursuant to both Bankruptcy Rule 9011 and 11 U.S.C. § 362(h), hereby awards the debtor attorney's fees in the amount of $750.00. The Court also assesses punitive damages of $500.00, pursuant to § 362(h), because of the continuing violation of the § 362 stay. Liability for the fees assessed pursuant to Bankruptcy Rule 9011 lies against both respondents, severally and collectively. Liability for the fees and punitive damages pursuant to § 362(h) shall lie against O'Grady alone.

Based upon the Court's ability to enter appropriate orders and judgments in core matters, 28 U.S.C. § 157(b)(1), the Court finds both Dougherty and O'Grady in con-

tempt of court for violating the automatic stay and imposes sanctions at the rate of $100.00 a day beginning ten days from the date hereof, unless before that date they submit proof to the Court that they have acted to discontinue the state court proceeding against the debtor.

Submit Order.