### In re SANTA ROSA TRUCK STOP, INC., Debtor.

**Bankruptcy No. 87–04070.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

June 12, 1987.

Sally Bussell, Pensacola, Fla., for debtor.

Benjamin Beard, Asst. U.S. Atty., Pensacola, Fla., for IRS.

Tom Reed, Pensacola, Fla., trustee.

## ORDER ON MOTION FOR CONTEMPT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard on May 21, 1987, on the motion filed by Santa Rosa Truck Stop, Inc., the debtor-in-possession, to hold Internal Revenue Service (I.R.S.) in contempt. The I.R.S. readily admits to violating the automatic stay imposed by 11 U.S.C. § 362 several times but claims that it should not be subjected to sanctions because the violations were not willful.

■ This Court may hear and decide civil contempt proceedings based on violation of the automatic stay and impose sanctions as provided for in Title 11 U.S.C. § 362(h). *In re Better Homes of Virginia, Inc.*, 52 B.R. 426, 13 B.C.D. 454 (Bkrtcy.E.D.Va.1985); *In re Elegant Concepts Ltd.*, 67 B.R. 914, 15 B.C.D. 476 (Bkrtcy.E.D.N.Y.1986).

### FACTS

Santa Rosa Truck Stop, Inc. filed its petition for relief under Chapter 11 of the Bankruptcy Code on February 17, 1987. On or about February 13, 1987, the debtor's president and majority shareholder, Mr. Newman Andrews, met with Mr. William Jones, a local I.R.S. Revenue Officer, in an effort to resolve a substantial tax delinquency. During the meeting, Mr. Andrews advised Mr. Jones that he was going to file Chapter 11 for Santa Rosa Truck Stop, Inc. Immediately after the meeting, Mr. Jones initiated action to cause a tax lien in the amount of $225,501.41 to be filed in Santa Rosa County, Florida, the location of the business. Due to processing time and time in the mail, the notice of lien was not received in the office of the Clerk in Santa Rosa County until 7:56 a.m., February 18, 1987, the day after the Chapter 11 petition was filed. The filing of this particular tax lien is the first act complained of by the debtor.

Within two days after the petition for relief had been filed the debtor's counsel notified Mr. Jones of such filing and Mr. Jones ceased all collection actions that he was personally involved in. Debtor's counsel also mailed to the Internal Revenue Service, Atlanta, Georgia, on the petition date, written notice of the bankruptcy. The Court records reflect that the Order Continuing Debtor-in-Possession, etc. was mailed out to all creditors, including the I.R.S. Special Procedures Branch in Jacksonville, Florida on March 4, 1987.

On March 6, 1987, the I.R.S. levied on the debtor's bank account at the Santa Rosa State Bank, thereby obtaining the full account balance of $178.15. On March 31, 1987, another notice of lien in the amount of $47,343.90 was filed in the records of Santa Rosa County, this time by Revenue Officer Gregory Collier. From the evidence presented, it appears that Mr. Collier took over from Mr. Jones the territory including Santa Rosa County, but was not informed of the pending Chapter 11 of Santa Rosa Truck Stop. On April 2, 1987, another notice of lien in the amount of $282,183.19 was filed by the Jacksonville office of the I.R.S. Mr. Collier denied any knowledge of the Chapter 11 at the time he filed the liens.

The Motion for Contempt was filed and served on April 13, 1987, together with notice of the hearing on the motion. On May 18, 1987, all three liens were released and on May 19, 1987, a check in the sum of $178.15 was issued to the debtor, refunding the funds taken on March 6.

### LAW

■ The I.R.S. admits to technical violations of the automatic stay but contends that since the individuals taking the various actions did not have actual knowledge of the Chapter 11, the actions were not willful. It is also asserted that the first lien notice was in the mail when the petition was filed and thus beyond the control of Mr. Jones. The Court concurs with the I.R.S. with respect to the latter assertion. After having mailed the lien notice pre-petition, it could not have been reasonably

known when it would be received and filed in the county records. It could have just as easily arrived the day before the petition was filed as the day after.

■ Regarding the other actions, the I.R.S. seeks to have this Court excuse it due to the inability of its bureaucracy to react in a timely manner to the filing of a petition under Title 11, U.S.C. Here, the debtor's president told the I.R.S. agent working on the debtor's file of the plan to file Chapter 11, and the same agent was told of the filing a few days afterward. Written notice was sent to the Atlanta and the Jacksonville offices. Notwithstanding all of this notice, the collection actions continued. It was not until three (3) days prior to this hearing that the liens were lifted and the funds returned to the debtor.

The issue presented is whether the I.R.S. can plead the ignorance of its agents or employees as to the filing of a petition for relief when those agents violate the automatic stay. The I.R.S., at least through its agent, Mr. Jones, had knowledge of the filing within days of the petition. "The I.R.S. must be charged with the knowledge of its agents." *In re Shafer*, 63 B.R. 194, 198 (Bkrtcy.D.Kan.1986). "The size and complexity of the I.R.S. does not excuse violation of the automatic stay", *In re Coleman American Companies, Inc.*, 26 B.R. 825, 831 (Bkrtcy.Kan.1983).

If the automatic stay is to afford any meaningful protection to a debtor attempting to reorganize, it must be enforced against the colossus of the I.R.S. just as it is against individual and corporate creditors who may persist in their collection efforts after a petition for relief has been filed. The burden has to be on the I.R.S. to develop sufficient procedures to avoid the continuation of its collection efforts once a petition has been filed.

■ A stay violation is willful when the party acts with knowledge of the filing of the bankruptcy. *In re Shafer, supra.*

Accordingly, the Court finds the I.R.S. in civil contempt for willful violation of the automatic stay and subject to the assessment of damages pursuant to Title 11

U.S.C. § 362(h). The nature and amount of damages to be assessed will be determined in a separate hearing.