114

THOMAS V. CASSIDY, Plaintiff-Appellant, v. JAMES R. KENTNER, Defendant-Appellee.

Third District No. 3—91—0458

Opinion filed September 16, 1992.—Rehearing denied November 3, 1992.

Thomas V. Cassidy, of Atlanta, Georgia, appellant *pro se.*

Robert P. Schmidt, of Behrends & Gentry, of Peoria (Richard N. Gentry, Jr., of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Thomas Cassidy (Cassidy), is an attorney who represented the defendant, James Kentner (Kentner), in several legal matters. Kentner was unable to pay Cassidy the full amount of his legal fees in advance. To secure the debt, Cassidy allowed Kentner to execute a promissory note in lieu of cash payment. Following the resolution of his legal problems, the defendant moved to Florida and filed bankruptcy. The defendant listed the plaintiff as a creditor and notice was sent to the plaintiff by the bankruptcy court. The plaintiff signed and returned an acknowledgment to the court and the defendant's obligation to the plaintiff was discharged. The plaintiff then brought the present action to collect on the note. The trial court dismissed the action. The court ruled that the debt was discharged and could not form the basis of a suit. The plaintiff appeals. The plaintiff argues that he did not receive proper notice of the bankruptcy proceedings and that the bankruptcy court failed to follow applicable Federal bankruptcy laws in discharging the debt.

Plaintiff raises several other issues. Based on our view of this case, the real issue is one of jurisdiction to review orders of Federal bank-

ruptcy courts. Based upon that and our view that we do not have jurisdiction to review the decisions of Federal bankruptcy courts, we will not deal with the other issues raised by plaintiff in this appeal. In our view, even if the plaintiff's contentions were true, the trial court did not err in dismissing the plaintiff's complaint.

Article VI of the Constitution of the United States of America provides that "[T]he laws of the United States which shall be made in Pursuance thereof *** shall be the supreme Law of the Land; and the Judges of every State shall be bound thereby ***" (U.S. Const., art. VI). It is well established that sole jurisdiction in bankruptcy is lodged in the national government and that power is paramount and supersedes all inconsistent State laws. By statute, Congress has vested the Federal bankruptcy courts with exclusive jurisdiction in all matters pertaining to bankruptcy. (28 U.S.C. §1334 (1988) provides "(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.") (See *In re Chicago Rapid Transit Co.* (7th Cir. 1942), 129 F.2d 1, *cert. denied sub nom. Chicago Junction R.R. Co. v. Sprague* (1942), 317 U.S. 683, 87 L. Ed. 547, 63 S. Ct. 205.) It is clear that this court lacks any power to review the correctness of the rulings of a Federal bankruptcy court.

Our review of the record establishes that the trial judge's decision on the real factual question that he had before him was that there had been a discharge in the bankruptcy proceedings of the debt involved in the case. That finding was not against the manifest weight of the evidence. A trial judge's ruling on a disputed issue of fact will only be reversed if it is against the manifest weight of the evidence. The trial court's ruling was correct on the only factual issue properly before it.

Plaintiff's claim that errors were committed in the bankruptcy proceedings can be reviewed only by a court appointed by Congress to review such decisions. This means that the plaintiff's contentions of error may only be heard by the appropriate Federal court of review. To allow a State court to entertain a collateral attack of a Federal bankruptcy judgment would violate the supremacy clause of the U.S. Constitution.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER and STOUDER, JJ., concur.