Janet F. BUTLER, Appellant,

v.

Robert W. WHITTING, Appellee.

No. 91–CV–1298.

District of Columbia Court of Appeals.

Argued June 2, 1994.

Decided Sept. 1, 1994.

Janet F. Butler, pro se.

Morris R. Battino, Washington, DC, for appellee.

* *Judge* Wagner was an *Associate Judge* of this court at the time of argument. Her status

Before WAGNER, Chief Judge,* and TERRY and SCHWELB, Associate Judges.

PER CURIAM:

Appellant, Janet F. Butler, appeals from the judgment of the trial court denying her claim for wrongful eviction after a bench trial. Appellant claims that the trial court erred in its ruling. We affirm.

## I.

Appellant was a tenant of appellee, Robert W. Whitting (the landlord), pursuant to a lease agreement at a monthly rental of $600. From September to December 1988, appellant was late in making rent payments, and the landlord obtained a judgment for possession of the leased premises. On December 21, 1988, the landlord provided appellant with a statement in writing of all sums due to assist her in getting emergency assistance from the Department of Human Resources in order to pay the rent. At that time, according to the letter, appellant owed the rent for November and December in the total amount of $1,200, late fees for six months totalling $60, and court costs of $40.75. Appellant paid the rent due, finally paying the January rent on January 17, 1989, after a writ of restitution had been issued by the court.

When appellant returned home after paying the rent, an eviction was in progress pursuant to that writ. The marshal interrupted the eviction and checked to see if the $600 shown on appellant's receipt covered the amount necessary to stop the eviction. The marshal ascertained that appellant was $100 short, and the landlord confirmed that with her at the time. Of this sum, $54.25 was then due as court costs, which was stamped on the writ. Appellant did not pay or offer any more money, and the eviction proceeded. While the eviction was in progress, Ms. Butler told the landlord she would get someone to bring the money he claimed was needed to stop the eviction. However, the eviction was completed before anyone arrived. No one tendered any money on appellant's behalf. The trial court found that

changed to *Chief Judge* on June 14, 1994.

appellant made no tender to anyone of the outstanding amounts for court costs and late fees. To the extent that there was other testimony in the record which might support any differing version of the facts, it was within the province of the trial court to make the credibility determinations and resolve any conflict.

Based on the evidence presented, the trial court made written findings of fact and concluded that appellant was not entitled to recover on her complaint for wrongful eviction and that the landlord was not entitled to recover on its counterclaim for abuse of process.[1] The court granted the landlord judgment for $104.25 for the outstanding costs and late fees.

## II.

Appellant argues that the trial court erred in finding against her on her claim for wrongful eviction. This court will not set aside the judgment of the trial court sitting without a jury unless it is plainly wrong or without evidentiary support. D.C.Code § 17–305(a) (1989 Repl.); *Robinson v. Jones,* 429 A.2d 1372, 1374 (D.C.1981); *see also In re A.S.,* 614 A.2d 534, 536 (D.C. 1992) (appellate court may not disturb motions court's factual findings unless clearly erroneous). Here, the trial court found that appellant had not tendered the court costs and late fees to anyone, and there was sufficient evidence in the record to support its finding. Therefore, appellant did not meet the requirements necessary to redeem her tenancy before the eviction was completed. *See Trans–Lux Radio City Corp. v. Service Parking Corp.,* 54 A.2d 144, 147 (D.C.1947); *see also Johnson v. Edgewood Management Corp.,* 512 A.2d 287, 289 (D.C.1986). Accordingly, the landlord could evict her under the

lawful process of the court, and the trial court did not err in determining that she was not entitled to recover on her wrongful eviction claim.[2] *See Mendes v. Johnson,* 389 A.2d 781, 787 (D.C.1978).

Therefore, the judgment appealed from hereby is

*Affirmed.*

SCHWELB, Associate Judge:

Ms. Butler testified that at the second stage of the eviction she had $60 in her possession. She also offered her jewelry in a vain attempt to prevent the eviction; this was confirmed by the landlord. She did not "tender" the money, but it is apparently undisputed that she was told by the deputy marshal and the landlord that she had to pay $104.25, or at least $100, which she did not have. From Ms. Butler's perspective, a tender of a lesser amount might thus have been futile.

The judge found, however, that the amount stamped on the writ of restitution was $54.25, which represented court costs. That, presumably, was the amount Ms. Butler had to pay (in excess of the $600 in back rent) in order to redeem her tenancy. It seems to me that the critical question presented is whether Ms. Butler can be faulted for not tendering" $54.25 when she was told that she owed more than $100 and when she did not have the larger amount. Considering the tender of her personal jewelry, she might well have been willing to tender $54.25 if she had known that such a tender would be sufficient. I have found nothing in the record, however, to suggest that Ms. Butler was ever told that she could prevent the eviction by paying $54.25. The fact that this correct amount was stamped on the writ is not, in my view, conclusive if the deputy marshal

1. Appellant had filed a motion for a temporary restraining order, restoring her to the property, which was denied by Judge Noel Kramer on January 19, 1989.

2. Appellant also argues that the amount of the late fees was in excess of $10 per month as allowed by law. The facts, as found by the court, which are supported by the evidence, are to the contrary. We need not decide whether as a matter of law the late fees could be included in the *Trans–Lux* amount because appellant failed

to tender even the required costs. *See Johnson, supra,* 512 A.2d at 289.

Finally, appellant seeks to challenge the validity of the judgment in the prior landlord-tenant action because of lack of service of process. It appears that this is an issue which appellant litigated in that action from which she did not appeal. Therefore, appellant is bound by the judgment and cannot attack it in this proceeding. *See Hinton v. Hinton,* 395 A.2d 7, 10 (D.C.1978).

and the landlord gave Ms. Butler, who is not a lawyer, contrary information.

I agree that we are required to defer to the trial judge's findings. As I read the judge's order, however, he never identified, focused on, or resolved the potentially dispositive questions relating to the discrepancy as to the correct redemption amount. Accordingly, unless Ms. Butler's evidence were to be deemed insufficient for other reasons,[1] I would remand the case to the trial court for further findings of fact and conclusions of law.

---

1. In light of my colleagues' disposition of the appeal, I express no opinion regarding the more difficult question whether a landlord who has invoked the processes of the court to secure possession can properly be held liable to the tenant for wrongful eviction under the unusual circumstances here, namely, a possible misunderstanding as to the amount required to redeem the tenancy. *See,* generally, 52 C.J.S. *Landlord & Tenant* § 460.1, at 320–21 (1968 & Supp.1994).