**Andria D. POWELL, Appellant,**

v.

**WASHINGTON LAND CO.,
INC., Appellee.**

No. 93–CV–258.

District of Columbia Court of Appeals.

Submitted April 13, 1995.

Decided Nov. 7, 1996.

Paris A. Artis, Hyattsville, MD, was on the brief, for appellant.

Jackson H. Rose, Washington, DC, was on the brief, for appellee.

Before SCHWELB and RUIZ, Associate Judges, and NEWMAN,* Senior Judge.

RUIZ, Associate Judge:

Andria Powell, appellant, appeals the dismissal with prejudice of her complaint pursuant to Superior Court Civil Rule 12(b)(1) for lack of subject matter jurisdiction.

The appellant filed her complaint pursuant to D.C.Code § 11–921 (1995) on March 10, 1992. The complaint contained three counts: count I alleged that the appellee's conduct constituted a wrongful eviction, count II alleged that the appellee's eviction of the appellant was in violation of the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362 (1988), and count III alleged that the appellee's actions wrongfully converted the appellant's property. Because we find the trial court has jurisdiction over appellant's complaint, we reverse and remand.

The sequence of events is critical to the parties' claims and defenses: Appellant was the tenant under a lease for property in the District of Columbia. Appellee, Washington Land Company, Inc., managed the property. On October 2, 1991, the Landlord and Tenant Branch of the Superior Court of the District of Columbia entered a default judgment against both the appellant and her husband granting the appellee possession of the property. On October 7, 1991, the appellee filed a Writ of Execution on the judgment against the appellant. Eight days later, on October

* Judge Newman joins the opinion of the court and the concurring opinion.

15, 1991, the appellant filed for bankruptcy under Chapter 13 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court of the District of Columbia.

On October 18, 1991, three days after the bankruptcy filing, agents of the appellee, accompanied by U.S. Marshals, attempted to evict the appellant, pursuant to the Writ of Execution. The extent of the eviction, and whether it was completed, cannot be determined from the record.[1] On January 15, 1992, the appellant's bankruptcy case was involuntarily dismissed. On March 10, 1992, the appellant filed a complaint in the D.C. Superior Court alleging wrongful eviction, violation of the automatic stay resulting from the bankruptcy filing, and conversion. It is the trial court's dismissal of this complaint for lack of subject matter jurisdiction that we review in this appeal.

In granting the appellee's motion to dismiss with prejudice for lack of jurisdiction, the trial court determined that the appellant's entire cause of action was based on allegations of a violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, that it was a case arising under the Bankruptcy Code, and, thus, that original and exclusive jurisdiction was vested in the U.S. District Court and the U.S. Bankruptcy Court.

Before analyzing the parties' arguments, a few preliminary comments regarding subject matter jurisdiction are in order. The D.C. Superior Court is "a court of general jurisdiction with the power to adjudicate any civil action at law or in equity involving local law." *Andrade v. Jackson,* 401 A.2d 990, 992 (D.C. 1979); *District of Columbia v. Group Ins. Admin.,* 633 A.2d 2, 13 (D.C.1993). In the

absence of legislative action, the Superior Court has general jurisdiction under D.C.Code § 11–921 over common law claims for relief. *King v. Kidd,* 640 A.2d 656, 661 (D.C.1993); *Group Ins. Admin., supra,* 633 A.2d at 13–14. In contrast, "[t]he jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in and limited by statute." *Celotex Corp. v. Edwards,* —— U.S. ——, ——, 115 S.Ct. 1493, 1498, 131 L.Ed.2d 403 (1995).

■ The jurisdiction of the federal district and bankruptcy courts is established in the Bankruptcy Code.[2] In particular, 28 U.S.C. § 1334 (1994) states

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11,

---

1. The appellee states in its brief that on the day of the eviction, it was enjoined from evicting the appellant by order of the D.C. Superior Court. However, the order and the reasons therefor, are not part of the record on appeal.

2. Congress repealed the old Bankruptcy Act of 1898 and enacted the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978), creating the Bankruptcy Code. 11 U.S.C. §§ 101—1330 (1994). The initial jurisdictional powers of bankruptcy judges provided for in the Code were scaled back by the Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d

598 (1982) (invalidating certain jurisdictional provisions that would have permitted bankruptcy judges to adjudicate state law claims, because bankruptcy judges lacked Article III qualification). The decision in *Northern Pipeline* caused Congress to amend the bankruptcy jurisdictional provisions in 1984, which enacted the present scheme. *See* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984). The Bankruptcy Code was amended again by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 (1994), in ways not relevant to the jurisdictional question presented in this appeal.

with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(d) Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate. (Footnotes omitted.)

The bankruptcy jurisdiction granted to the district courts by § 1334(a) and (b) may be transferred to the bankruptcy court under 28 U.S.C. § 157 (1994).[3] Once the United States District Court has transferred its authority over to a bankruptcy judge, § 157(b) and (c) specify the bankruptcy court's authority with respect to proceedings that may come before that court. Section 157(b) allows the bankruptcy court to hear and decide cases as to which the district court has exclusive jurisdiction under § 1334(a) (cases "under title 11") as well as "core proceedings"[4] as to which the district court has original, but not exclusive, jurisdiction under § 1334(b) (proceedings "arising under title 11" or "arising in a case under title 11"). With regard to the third category of cases covered by § 1334(b), those "related to a case under title 11," also referred to as "non-core proceedings," § 157(c)[5] authorizes the bankruptcy court, upon special circumstances, to hear the case and make recommendations to the district court. Whether a case is a core proceeding is relevant to the scope of the bankruptcy court's authority; it is not relevant,

**3.** 28 U.S.C. § 157(a) provides:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

**4.** 28 U.S.C. § 157(b)(1)-(2) provides:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(b)(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

**5.** 28 U.S.C. § 157(c)(1) addresses non-core proceedings:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.

however, to the inquiry whether it is a proceeding over which the district court has exclusive jurisdiction.

In the context of the Bankruptcy Code's jurisdictional statutory scheme, the narrow issue before us, thus, is whether the complaint filed by appellant in Superior Court is a "case under title 11" over which the U.S. District Court (or bankruptcy court) has exclusive jurisdiction.[6] If so, the Superior Court would have no jurisdiction to hear the claim and properly dismissed the appellant's complaint. If not, the Superior Court would have jurisdiction because even if the claim could have been brought in U.S. District Court, as a proceeding "arising under title 11, or arising in or related to cases under title 11" over which the U.S. District Court (or bankruptcy court) has original but not exclusive jurisdiction,[7] the statute does not require that the claim be brought in federal court.[8] Of course, it is also possible that a complaint involving a debtor in bankruptcy would be neither "under title 11" nor "arising under title 11, or arising in or related to cases under title 11," in which case the federal courts would have no jurisdiction under the Bankruptcy Code.

We turn to an examination of appellant's counts to determine whether any falls within the exclusive jurisdiction of the district court because it constitutes a case "under title 11" covered by § 1334(a).[9] A case "under title 11" is the bankruptcy case per se, "the case upon which all of the proceedings which follow the filing of a petition are predicated." 1 COLLIER BANKRUPTCY MANUAL § 3.01, at 3–20 (Lawrence P. King ed., 3d ed.1996). In the situation before us, the case that was "under title 11," and within exclusive federal court jurisdiction, was the bankruptcy petition filed by appellant that had already been dismissed by the bankruptcy judge by the time she filed her complaint in Superior Court. See R.L. LaRoche, Inc. v. Barnett Bank of So. Fla. N.A., 661 So.2d 855, 860 (Fla.Dist.Ct.App.1995). The source of the claims in counts I and III is not federal bankruptcy law, but the laws of the District of Columbia. See D.C.Code §§ 45–1401 to 1432 (1996); Butler v. Whitting, 647 A.2d 383 (D.C.1994); Robinson v. Sarisky, 535 A.2d 901 (D.C.1988); Queen v. Postell, 513 A.2d 812 (D.C.1986). Counts I and III, the wrongful eviction and conversion claims, do not constitute a case "under title 11" and therefore do not fall within the federal court's exclusive jurisdiction under § 1334(a).

**6.** 28 U.S.C. § 1334(a).

**7.** 28 U.S.C. § 1334(b).

**8.** As noted above, in its Order dismissing the complaint for lack of jurisdiction, the trial court in this case stated that "it is a case arising under" the Bankruptcy Code. This is a legal question we review de novo.

**9.** A number of state courts have grappled with § 1334 in attempting to decide whether their state courts have been divested of jurisdiction. See R.L. LaRoche, Inc. v. Barnett Bank of So. Fla. N.A., 661 So.2d 855 (Fla.Dist.Ct.App.1995) (holding state courts had jurisdiction to hear and determine debtor's state law claims related to alleged bad faith filing of an involuntary bankruptcy petition); Wagner v. Key Bank of Alaska, 846 P.2d 112 (Alaska 1993) (noting that the state court has jurisdiction over a foreclosure action even though the resolution of the appeal involves an interpretation of a settlement agreement which was subject to and contingent upon the approval of a bankruptcy judge); Stevenson v. Prairie Power Coop., Inc., 118 Idaho 52, 794 P.2d 641 (Idaho App.1989) (holding that Idaho state courts have concurrent jurisdiction with federal courts to adjudicate proceedings falling under 28 U.S.C. § 1334(b)); Woodley v. Myers Capital Corp., 67 Wash.App. 328, 835 P.2d 239 (1992) (holding that attorneys who had represented debtors in bankruptcy proceedings could bring a state court action to recover fees); Bill Walker & Assocs. v. Parrish, 770 S.W.2d 764 (Tenn.Ct.App. 1989) (holding that the filing of a corporate bankruptcy petition does not automatically divest a state court of jurisdiction over state law claims against a corporate officer). But see Labat v. Bank of Coweta, 218 Ga.App. 187, 460 S.E.2d 831 (1995) (holding trial court lacked subject matter jurisdiction over creditor's violation of an automatic stay); Cassidy v. Kentner, 235 Ill. App.3d 114, 175 Ill.Dec. 742, 600 N.E.2d 1200 (1992) (affirming trial court's judgment that it lacked jurisdiction to review the decisions of bankruptcy courts); 366–386 Geary Street, L.P. v. Superior Court of State, for County of San Francisco, 219 Cal.App.3d 1186, 268 Cal.Rptr. 678 (1990) (finding trial court did not have subject matter jurisdiction to grant preliminary injunction regarding matters in the bankruptcy estate); Kruse v. Bank of Am., 202 Cal.App.3d 38, 248 Cal.Rptr. 217 (1988) (holding it was within the exclusive jurisdiction of the bankruptcy court to recover assets belonging to the bankruptcy estate once the bankruptcy action is commenced).

We need not decide whether appellant's counts I and III "arise under" or "in" title 11 or are "related to" cases under title 11, placing them within the federal court's original (but not exclusive) jurisdiction under § 1334(b). As discussed above, even if the appellant's claims did fall within subsection (b), this would not deprive the Superior Court of jurisdiction, because subsection (b) provides that the district courts have jurisdiction, but do not preclude jurisdiction in local courts.

■ Count II, unlike counts I and III, is based on a violation of the bankruptcy statute itself. The appellant alleges in count II that the appellee's actions were in violation of the automatic stay provision of 11 U.S.C. § 362, and the appellant is entitled to relief in Superior Court from the violation of the bankruptcy court's stay.[10]

Section 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." While § 362(h) proceedings are not specifically defined as core proceedings in the statute,[11] they have been held to be core proceedings. *In re Huron Elec. Co., Inc., v. Graybar Elec. Co., Inc.*, 180 B.R. 496 (Bankr.N.D.Ohio 1995); *In re Elegant Concepts, Ltd.*, 67 B.R. 914 (Bankr.E.D.N.Y.1986). The bankruptcy court in *Elegant Concepts* noted that, although § 362(h) proceedings were not explicitly listed in 28 U.S.C. § 157(b)(2), their "character is such as to put [them] within the category of core proceedings." *Id.* at 917. This conclusion is based, in part, on the notion that core proceedings involve matters concerning the administration of the bankruptcy estate, and bankruptcy estate matters traditionally fall within the jurisdiction of the bankruptcy court; that motions to punish creditors for violating automatic stays are similar to motions to be released from the stay, which are core proceedings, and that contempt proceedings claiming a violation of the automatic stay are also core proceedings. *Id.; Price v. Rochford,* 947 F.2d 829, 832 n. 1. (7th Cir.1991). In addition, the automatic stay provision of the Bankruptcy Code is "a creature peculiar to federal bankruptcy law" and "plays a fundamental role in the administration of the Bankruptcy Code." *Elegant Concepts, supra,* 67 B.R. at 917.

■ A "core proceeding," as mentioned above, is one "arising under" or "arising in" a case under title 11, but it is not a case "under" title 11. It is only the latter type of case over which the district court has exclusive jurisdiction under § 1334(a). Thus, the trial court had jurisdiction to hear count II of appellant's complaint.[12]

Because we hold that appellant's claims for wrongful eviction, for violation of the stay, and for conversion are within the Superior Court's jurisdiction, we reverse and remand.

*So ordered.*

SCHWELB, Associate Judge, with whom NEWMAN, Senior Judge, joins, concurring:

I agree that the judgment must be reversed and, although my emphasis is some-

10. The staying effect of § 362(a)(1) applies to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

11. Motions to terminate, annul, or modify the automatic stay are specifically defined as core proceedings under 28 U.S.C. § 157(b)(2)(G).

12. There may be some concern that local courts are not the best fora to determine questions that so directly affect the operations of the Bankruptcy Code. In light of the clear statutory scheme that preserves and, indeed, appears to defer to state court jurisdiction except with regard to cases "under" title 11, see § 1334(c), we are not free to resolve that concern, however, by reference to exclusive federal jurisdiction. The fact that the trial court has jurisdiction over the complaint does not preclude a party from seeking to remove the case to federal court under 28 U.S.C. § 1452 (1994). We note also that if the complaint had been filed during the pendency of the bankruptcy petition, it could be argued that the district court had exclusive jurisdiction to entertain these claims as involving the "property of the estate." 28 U.S.C. § 1334(d). *See Labat, supra,* 460 S.E.2d at 834. We need not address this argument because any "property" interest that may have been created by the claims could not have been "of the estate" once the bankruptcy case had been dismissed, as was the case here.

what different, I have no quarrel with Judge Ruiz' opinion. I write separately, however, to discuss the tension between the result we reach and traditional equitable principles.

The gravamen of Ms. Powell's complaint is that the landlord evicted her in violation of the bankruptcy court's automatic stay. It is undisputed that, but for the entry of that stay, the landlord would have been entitled, pursuant to the judgment for possession and writ of restitution issued by the Landlord & Tenant Branch, to evict Ms. Powell and to place her belongings on the street. *See* ROBERT S. SCHOSHINSKI, AMERICAN LAW OF LANDLORD & TENANT, § 6.18 (1980 & Supp.1995). The viability of her claims for wrongful eviction and for conversion thus depends largely, if not exclusively, upon a showing that the landlord violated the automatic stay. The labeling of Counts I and III as claims under local tort law cannot create Superior Court jurisdiction, if these claims depend entirely on the validity of Count II.

In its answer to Ms. Powell's complaint, the landlord asserted that the automatic stay did not apply to the landlord's action for possession because that proceeding "did not involve [Ms. Powell's] estate." As a result, the Superior Court is being asked to resolve a somewhat esoteric issue of bankruptcy law which appears to be within the bankruptcy court's expertise,[1] and to determine generally whether the landlord has violated the bankruptcy court's order.

This is most unusual. As the Supreme Court stated more than a century ago, "[t]o submit the question of disobedience [of a court order] to another tribunal, be it a jury or another court, would operate to deprive the proceeding of half its efficiency." *In re Debs,* 158 U.S. 564, 595, 15 S.Ct. 900, 910, 39 L.Ed. 1092 (1895). Accordingly, "[t]he power to punish a violation of an injunction vests in the court which granted the injunction and, in the absence of a statute, in that court alone." 43A C.J.S. *Injunctions* § 301, at 658 & n. 27 (1978 & Supp.1996); *see also City of Wilmington v. Lord,* 340 A.2d 182, 185 (Del.Super.1975) (Superior Court is without

authority to enforce an order of the Chancery Court).

The doctrine that a court order is to be enforced by the court which issued it, and only by that court, has been applied in cases very similar to this one. In *Hawthorne v. Hameed,* 836 P.2d 683 (Okl.App.1989), a debtor who had filed for bankruptcy protection sued his creditor in a local district court for wrongful garnishment, alleging that the garnishment was in violation of the bankruptcy court's automatic stay. The trial court entered judgment on a jury verdict in favor of the debtor, but the appellate court reversed, holding that the bankruptcy court had the sole responsibility to determine the effects of its own stay, and that in Oklahoma "the power of a state court to punish for contempt lies exclusively in the court whose order is violated." *Id.* at 685 (citations omitted). The court went on to explain that "claims for relief from the creditor's acts prohibited solely by the automatic stay should be brought only in bankruptcy court." *Id.* at 686 (*quoting* Stoops, *Monetary Awards to the Debtor for Violations of the Automatic Stay,* 11 Fla. St. U.L.Rev. 423, 425–26 (Summer 1983)). The decision in *Hawthorne* was followed in *Ramdharry v. Gurer,* 1995 WL 41353, No. CV–89–42620 (Conn.Super.Jan. 25, 1995).

The courts in *Hawthorne* and *Ramdharry,* however, did not address or even mention the relevant provisions of 28 U.S.C. § 1334(a) and (b), quoted at page 770 of Judge Ruiz' opinion. Section 1334(a) provides that the district court shall have exclusive jurisdiction solely in "cases under title 11." This is a very narrow category indeed. In *In re Brady, Texas, Mun. Gas Corp.,* 936 F.2d 212, 218 (5th Cir.1991), the court explained the jurisdictional provisions:

> Although the district courts "have original and exclusive jurisdiction of all cases *under* title 11," the district courts do not have "exclusive jurisdiction of all civil proceedings *arising under* title 11 or *arising in or related to* cases under title 11." *See ...* (28 U.S.C.A. §§ 1334(a), (b) (West Supp.

---

**1.** *But cf. Brock v. Morysville Body Works,* 829 F.2d 383, 387 (3d Cir.1987) (holding that a federal appellate court has jurisdiction to determine

whether a pending proceeding is subject to the automatic stay).

1991)) (emphasis added). Thus, under section [1334] the only aspect of the bankruptcy proceeding over which the district courts and their bankruptcy units have exclusive jurisdiction is "the bankruptcy petition itself." *See In re Wood,* 825 F.2d 90, 92 (5th Cir.1987). In other matters arising in or relating to title 11 cases, unless the Code provides otherwise, state courts have concurrent jurisdiction. . . .

In the present case, the trial judge did not hold, nor could she, that the present case was one brought *"under* title 11." On the contrary, she stated in her written order dismissing the complaint that Ms. Powell's claim "is a case *arising under* the [Bankruptcy] [C]ode," but she then opined that "original *and exclusive* jurisdiction of cases arising under the Bankruptcy Code is vested in the U.S. District Court and the U.S. Bankruptcy Court. . . ." (Emphasis added.) The judge's characterization of the case as one "arising under" the Bankruptcy Code was correct; counsel for the landlord does not contend otherwise.[2] Section 1334(b) provides, however, that "the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings *arising under* title 11, or arising in or related to cases under title 11." (Emphasis added.)

The judge's undisputed and unassailable determination that this case "arises under" the Bankruptcy Code thus compels the conclusion that, according to the terms of Section 1334(b), the bankruptcy court had original but not exclusive jurisdiction, and that the complaint therefore could properly be filed in the Superior Court. Accordingly, the landlord's motion to dismiss the complaint should not have been granted.[3]

---

**2.** A case "arising under" the Bankruptcy Code is one predicated on a right created by that Code which would not exist but for a provision of that Code. *In re Van Huffel Tube Corp.,* 71 B.R. 155 (Bankr.N.D.Ohio 1987). Count II of the complaint—violation of the automatic stay—falls well within that definition. If the Superior Court had jurisdiction over Count II, then *a fortiori,* it had jurisdiction over Counts I and III (wrongful eviction and conversion), which were at least ostensibly grounded on local tort law rather than on the Bankruptcy Code.

**3.** The parties have not raised, and I do not address, the question whether the Superior Court may abstain or decline to exercise jurisdiction where, as here, it is being asked to interpret and enforce another court's order.