**M & M DISTRIBUTORS, Appellant,**

v.

**James DUNN, Appellee.**

No. 13–91–153–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 7, 1991.

**640**

Franklin T. Graham, Brownsville, for appellant.

Michael E. Hearn, Weslaco, for appellee.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

James Dunn won a summary judgment against M & M Distributors on grounds that M & M's claims were barred by the two-year statute of limitations applicable to misrepresentation claims and to claims under the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA)[2]. M & M, by one point of error, contends that its claim of misrepresentation is a claim for a debt and is therefore governed by a four-year statute of limitations. We affirm the

summary judgment of the trial court in part and reverse in part.

M & M filed suit against Dunn, alleging that it delivered flavored mineral water and bathroom air freshener to Dunn with the agreement that Dunn would sell the items, deduct a twenty-five percent commission, and remit the remainder of the sale price to M & M. In its petition, M & M alleged that Dunn had sold some of the goods and misrepresented the amount he received, in violation of the DTPA. The trial court granted Dunn's motion for summary judgment based upon the defense of limitations and entered a take nothing judgment against M & M. Appellant does not raise any issue regarding summary judgment on the DTPA claim. Therefore, we affirm the trial court's summary judgment on the DTPA cause of action.

■ M & M contends that its pleadings allege a common-law cause of action for misrepresentation which is governed by a four-year statute of limitations. We agree. Construing M & M's pleadings liberally, we find that M & M's pleadings can be read to allege common-law fraud. That Dunn's motion for summary judgment includes the claim of fraud, in addition to the DTPA claim, confirms our reading. A claim of fraud or misrepresentation is a claim for a debt, and as such, is governed by a four-year statute of limitations. *Williams v. Khalaf,* 802 S.W.2d 651, 656–57 (Tex.1990); Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (Vernon 1986). Dunn argues that appellant did not properly advance the four-year limitations argument by timely response to summary judgment and that appellant has therefore waived it. This argument fails. Although appellant's response was untimely, the party moving for summary judgment must clearly establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex. 1985); *See also M & M Construction v. Great Am. Ins.,* 749 S.W.2d 526, 527 (Tex.

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1989).

2. Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (Vernon 1987).

App.—Corpus Christi 1988, writ dism'd w.o.j.), *cert. denied,* 493 U.S. 801, 110 S.Ct. 36, 107 L.Ed.2d 7 (1989); Tex.R.Civ.P. 166a(c). Dunn has not shown that he is entitled to judgment as a matter of law because the four-year limitations period had not yet passed when M & M filed suit. Here, the trial court erroneously granted summary judgment on the fraud claim based on a two-year statute of limitations. A movant who bases his entitlement to summary judgment upon an affirmative defense must conclusively establish every element of that defense. *Poncar v. City of Mission,* 797 S.W.2d 236, 239 (Tex.App.—Corpus Christi 1990, no writ.). Dunn has failed to do this. Accordingly, we sustain appellant's point of error number one and reverse and remand the judgment of the trial court on the misrepresentation claim. Summary judgment rendered by the trial court on all other causes of action is AFFIRMED.