James DUNN, Appellant,

v.

Jose MENASSEN, Appellee.

No. 13–93–375–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 7, 1995.

Rehearing Overruled Jan. 11, 1996.

Lisa M. Mount, Willette & Aguilar, Brownsville, Michael E. Hearn, Jones, Galligan & Key, Weslaco, Terry D. Key, Jones, Galligan, Key, Weslaco, for appellant.

Franklin T. Graham, Jr., Brownsville, William Kimball, Koppel, Ezell, Powers & Kimball, Harlingen, for appellee.

## OPINION

Before DORSEY, DALLY,[1] and SMITH,[2] JJ.

DORSEY, Justice.

James Dunn appeals an adverse judgment in favor of M & M Distributors. After a bench trial, the trial court awarded actual and exemplary damages and prejudgment interest totalling $79,915.95. Appellant complains of error in several general areas: that the trial court erred in failing to abate because of the pendency of bankruptcy; legal insufficiency of the evidence; and that M & M is not entitled to pre-judgment interest or to exemplary damages. We affirm in part and reverse and render in part.

### Factual Background

In 1989, M & M Distributors sued Dunn, alleging that Dunn was to sell merchandise owned by M & M, retain a commission, and pay the remaining monies to M & M. In the original petition, Jose Menassen stated that in 1985 he did business as M & M Distributors and that Miguel Menassen, his brother, was his general manager. The actions complained of occurred in September and October 1985. M & M pled a cause of action under the Deceptive Trade Practices Act and facts that would support other causes of action. Dunn answered and subsequently obtained summary judgment. The summary judgment was appealed to this court in *M & M Distributors v. Dunn*, 819 S.W.2d 639 (Tex.App.—Corpus Christi 1991, no writ). We reversed and remanded "the judgment of the trial court on the misrepresentation claim. Summary judgment rendered by the trial court on all other causes of action is affirmed." *Id.* at 641.

In 1993, Dunn filed a Motion to Abate alleging that Miguel A. Mena was the owner of M & M Distributors, and that he had filed for bankruptcy. The trial court held an evidentiary hearing on the motion to abate. Miguel Menassen testified that his name is Miguel Menassen, that his last name is pronounced Mena, that he became the owner of M & M Distributors in 1987, that before 1987, his brother, Jose, was the sole owner, and that Miguel filed for bankruptcy in August 1990. In Miguel's Bankruptcy Petition, he claimed that he was the owner of M & M and had been since 1983. Miguel further testified that he misunderstood the question on the bankruptcy petition and that he was not the owner of M & M until 1987. He testified that from 1983 to 1987, Jose Menassen owned the business and he was only an employee with no ownership interest.

William G. West testified by deposition at the hearing to abate. He had been the bankruptcy trustee of the estate of Miguel Menassen. He testified that the bankruptcy had closed and with the closure he was dismissed as trustee. Mr. West filed a plea in intervention in this action, asserting an interest in the controversy, in that the cause of action asserted by Jose Menassen belongs to the bankruptcy estate of Miguel Mena. However, the only relief sought by Mr. West was "that the parties take notice" of his plea in intervention, that he recover his costs and for general relief. At the conclusion of the hearing, the trial court denied the motion to abate.

### Motion to Abate

■ By points one through seven appellant complains of the trial court's refusal to abate. Appellant contends that the trial court did not have jurisdiction to determine whether the claim against Dunn belonged to Jose or to Miguel; rather, the bankruptcy court had exclusive jurisdiction to do so.

■ Initially we note that the mere pendency of a bankruptcy action does not automatically deprive a State court of all jurisdiction. *Fitch v. Jones*, 441 S.W.2d 187, 188 (Tex.1969); *Bishop v. Geno Designs, Inc.*, 631 S.W.2d 581, 583 (Tex.App.—Tyler 1982, no writ); *Valley Int'l Properties, Inc. v. Los Campeones, Inc.*, 568 S.W.2d 680, 686 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), *appeal dism'd*, 440 U.S. 902, 99 S.Ct. 1205, 59 L.Ed.2d 450 (1979). In order to

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

preclude a State court's jurisdiction, the state claim must interfere with the jurisdiction of the Bankruptcy Court. *Valley Int'l Properties,* 568 S.W.2d at 686. A bankruptcy trustee may appear and defend a pending action or proceeding by or against a bankrupt, or it may commence and prosecute any action on behalf of the bankruptcy estate. If the debtor is the plaintiff, the trustee may assume prosecution of a pending action, consent to the debtor's prosecution for the trustee's benefit, or decline to prosecute the pending action. *Bishop,* 631 S.W.2d at 582 (citing 2 COLLIER ON BANKRUPTCY paragraph 323.02(b) (15th ed. 1981)).

Here, however, Miguel Menassen's bankruptcy was concluded on August 23, 1991, sixteen months before trial in this case and before the hearing on Dunn's plea in abatement. The record is devoid of any hint that the former trustee of the estate moved to reopen the case in bankruptcy court in order to pursue the claim against Dunn for the bankrupt's estate.

■ We review a trial court's decision to abate for an abuse of discretion. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988); *Hartley v. Coker,* 843 S.W.2d 743 (Tex.App.—Corpus Christi 1992, no writ). The bankruptcy was no longer pending at the time of the hearing or trial. During its pendency, it did not purport to affect Jose Menassen, the plaintiff in this suit. The trial court did not abuse its discretion by denying the motion.

Appellant also urges that by intervening, the bankruptcy trustee took control over the suit, thereby precluding any further action by the trial court. We disagree. The trustee did not appear at trial, indicated by deposition that he no longer had any authority over the debtor, did not seek any particular relief, nor did he seek abatement to allow him to reopen the bankruptcy. Under these circumstances, the trial court was not required to abate proceedings. Points one through seven are overruled.

## Sufficiency of the Evidence

■ Appellant challenges the legal sufficiency of the evidence to support the trial court's findings of fact that M & M entered into a consignment agreement with Dunn and the court's finding of misrepresentation. In a "no evidence" challenge, we review the evidence in the light most favorable to the judgment and affirm if there is any evidence that supports the finding. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989); *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). A trial court's findings of fact are entitled to the same deference as a jury's verdict. *Starck v. Nelson,* 878 S.W.2d 302, 306 (Tex.App.—Corpus Christi 1994, no writ); *Winters v. Arm Refining Co., Inc.,* 830 S.W.2d 737, 739 (Tex.App.—Corpus Christi 1992, writ denied).

### 1. Consignment Agreement

■ Miguel Menassen testified that M & M used Dunn, an auctioneer, on several occasions before deciding to sell the cases of soda water and air freshener at issue in this case. The agreement was that Dunn would get the highest price possible for the goods, retain a 25 percent commission, and pay the remaining monies to M & M Distributors. If he was unable to sell the goods, he would return them to M & M.

Dunn testified that when Menassen brought the soda water to him, that his standard arrangement was to sell the merchandise and take a 25 percent commission. He contends that they later made a different arrangement. The documentary evidence reflects that Dunn's payments to M & M refer to a total sales price, a commission and "amount to consignor." Viewed in the light most favorable to the finding, there is some evidence of a consignment agreement. Point of error eight is overruled.

### 2. Evidence of Misrepresentation

■ By points nine and ten, Dunn urges that there is no evidence of a misrepresentation and specifically no evidence that Dunn represented that he received any sums for the sale of the merchandise. Fraud or misrepresentation requires that: 1) a material misrepresentation was made; 2) the misrepresentation was false; 3) it was false at the

time it was made; 4) the speaker knew it was false or made the misrepresentation recklessly without knowledge of its truth or falsity; 5) the misrepresentation was made with the intention that it be acted upon by the recipient; 6) the recipient did so act and was injured as a result of its reliance. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex.1992); *Schindler v. Austwell Farmers Co-op*, 829 S.W.2d 283, 286 (Tex. App.—Corpus Christi), *modified*, 841 S.W.2d 853 (Tex.1992).

### a. Soda Water

 Menassen testified that Dunn misrepresented the amount due M & M after the sale of the soda water, that Dunn first paid him $1 per case and assured him that he would be paid more later, but that Dunn did not have time to do a full accounting right then. Later, Menassen alleged that Dunn told him he could only sell the soda water for $1 per case.

Dunn testified that he received $3 per case, and that before he did so he attempted to sell the soda water pursuant to the consignment agreement. He testified that he was unsuccessful in doing so because the merchandise was old and in very poor condition. Dunn testified that he finally offered M & M $1 per case to buy it himself. Dunn testified that he thought he bought it for $1 per case and then made additional efforts to sell the goods. He succeeded in selling the product to another distributor and received $3 per case. Two other businessmen testified that they paid Dunn $3 per case for a total of $9300; they sold the soda water for $3.25 per case and received $.25 per case commission. Both testified that 95 percent of the soda water was in good condition and salable. About 5 percent was in poor condition.

We find there is some evidence that Dunn misrepresented how much he received from the sale of the soda water.

### b. Air freshener

 Menassen testified that he consigned 17,050 units of air freshener to Dunn, that he was paid for a few units but received no accounting for the bulk of the product and the product was not returned. He made demand both for an accounting and for return of any remaining product.

 Dunn's mere refusal to account for the product sold or to permit Menassen to retrieve his property does not support a recovery for misrepresentation as to the air fresheners. Menassen established that Dunn breached the consignment agreement, but mere breach of a contract does not constitute fraud. *T.O. Stanley Boot Co.*, 847 S.W.2d at 222; *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986); *see also Wyatt v. McGregor*, 855 S.W.2d 5, 12 (Tex.App.—Corpus Christi 1993, writ denied). It is only when the failure to perform an act in the future is coupled with intent not to perform at the time of the promise that fraud occurs. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Co.*, 823 S.W.2d 591, 592 (Tex.1992). There is no evidence that Dunn did not intend to perform at the time of their agreement; instead there is evidence that Dunn paid M & M some monies for the air freshener units that he sold initially. Points nine and eighteen are sustained as to the air freshener and overruled as to the soda water.

### Affirmative Defenses—Res Judicata and Limitations

By point fourteen, appellant contends that appellee's claim that Dunn failed to return the air freshener is a claim for conversion and is barred by limitations and by res judicata. The trial court's findings would also support a judgment for conversion, but our prior opinion affirmed the granting of summary judgment on all claims other than common law misrepresentation. Point fourteen is sustained.

### Prejudgment Interest

 The trial court awarded prejudgment interest at 10% simple interest to run from February 14, 1986, the date that Dunn received written demand for an accounting from Menassen. Prejudgment interest comprises $27,790.95 of the total judgment.

Menassen did not request prejudgment interest in his pleadings, nor was there a written contract which provides for such interest.

Appellee contends that he is entitled to prejudgment interest under 5069–1.05(6) of the Texas Revised Civil Statutes. That section entitles a successful plaintiff in a wrongful death, personal injury or property damage case to prejudgment interest.

There are two legal sources for the award of prejudgment interest: statutory and equitable. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985); *Phillips Petroleum Co. v. Stahl*, 569 S.W.2d 480, 485 (Tex.1978). *Cavnar* allowed prejudgment interest in tort actions on equitable grounds; however, one must specifically plead for it in order to receive it. *Vidor Walgreen Pharmacy v. Fisher*, 728 S.W.2d 353 (Tex.1987) (per curiam); *Texas Commerce Bank Reagan v. Lebco Constr., Inc.*, 865 S.W.2d 68, 83 (Tex.App.—Corpus Christi 1993, writ denied). Because appellee did not specially request prejudgment interest in his pleadings, he is not entitled to it under *Cavnar*.

It is not necessary for a litigant to specifically plead for prejudgment interest when he is entitled to it by statute. Appellee contends that his claim for misrepresentation constitutes property damage under Article 5069–1.05(6). We disagree. Appellee does not contend that the air freshener or soda water was damaged, instead he was deprived of the economic benefit of his ownership as a result of Dunn's misrepresentations. Such economic loss is not "property damage" as contemplated by the statute. *Associated Tel. v. Five D's Publishing Co.*, 849 S.W.2d 894, 900 (Tex.App.—Austin 1993, no writ); *see Ralston–Purina Co. v. McKendrick*, 850 S.W.2d 629, 637 (Tex.App.—San Antonio 1993, no writ); *Spangler v. Jones*, 861 S.W.2d 392, 398 (Tex.App.—Dallas 1993, no writ). Section 5069–1.05(6) does not provide a statutory basis for prejudgment interest under these facts. The trial court erred in awarding such interest. Point eleven is sustained.

### Exemplary Damages

Appellant challenges the award of exemplary damages in two ways: that there is no evidence of the underlying action of misrepresentation, and also that Dunn did not receive M & M's amended pleading in which exemplary damages were requested. We have found evidence of misrepresentation as to the soda water but not as to the air freshener. Actual damages were awarded for the misrepresentation. Point ten is overruled.

Appellant contends that exemplary damages may not be awarded because appellee failed to serve appellant with his first amended original petition in which such damages were requested for the first time. Appellee filed the petition a year before trial and mailed a copy of that pleading to appellant by regular U.S. mail. The certificate of service recites:

> I hereby certify that a true and correct copy of the above and foregoing has been sent to Mr. Michael E. Hearn of Jones, Galligan, Key and Pena, at 615 International Avenue, P.O. Drawer 1247, Weslaco, Texas 78596–1247, by regular U.S. Mail, on this the *19th* day of February, 1992.
>
> Franklin T. Graham, Jr.

Rule 21a requires service of every pleading. Service may be accomplished by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record either "in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number...." TEX.R.CIV.P. 21a. A certificate by the party showing compliance with the rule and service of a notice is prima facie evidence of the fact of service. *Id.* The certificate of service on its face does not establish compliance with the Rule. Moreover, counsel for appellant denied receiving the pleading both at trial and later by affidavit attached to his motion for new trial. Notice which is not properly served may not be used against the party who did not receive it. *See Depue v. Henderson*, 801 S.W.2d 178, 179 (Tex.App.—Houston [14th Dist.] 1990, no writ) (reversing dismissal of appeal where notice sent by regular mail rather than in compliance with Rule 21a). Due process requires that a defendant have notice. *Sebastian v. Braeburn Valley Homeowners's*

*Ass'n.,* 872 S.W.2d 40, 42 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Langdale v. Villamil,* 813 S.W.2d 187 (Tex.App.—Houston [14th Dist.] 1991, no writ). Points twelve and eighteen are sustained.

### Ownership of the Claim

Appellant challenges the court's finding that Jose Menassen is the owner of the claim against Dunn. There is testimony by both brothers that Jose is the owner of the claim and the initial pleading specifies the capacity in which suit was brought. The only evidence to the contrary is the Bankruptcy Petition. Miguel Menassen testified that he misunderstood the question when he filled out the form. The record reveals that although Miguel speaks English he is not fluent. The discrepancy between the Bankruptcy Petition and the testimony at trial raises a fact question.

In a bench trial the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Medrano v. Gleinser,* 769 S.W.2d 687, 689 (Tex.App.—Corpus Christi 1989, no writ). The trial court resolved the issue in favor of M & M Distributors. We will not disturb its decision. Point thirteen is overruled.

The JUDGMENT is affirmed as to the claim of misrepresentation as to the soda water and REVERSED and RENDERED as to the claim for misrepresentation as to the air freshener, exemplary damages, and prejudgment interest. Accordingly, we REFORM the judgment to reflect damages as found by the trial court as to the soda water in the amount of $3875, and as REFORMED, we AFFIRM.