NUMBER 13-10-562-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                     Appellant,

 

v.

 

MARIO ALBERTO CERDA,                                                           
Appellee.

                                                                                                                     
  

 

On appeal from County
Court at Law No. 4

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Vela 

Memorandum Opinion by
Justice Vela

 

This is an interlocutory appeal brought
by appellant, the Texas Department of Public Safety (“DPS”), from an order
granting a temporary injunction in favor of Mario Alberto Cerda, the appellee. 
The injunction order requires the DPS to return Cerda’s driver’s license to
him.  Cerda’s license had previously been suspended when he refused to take a
breath test after being arrested for driving while intoxicated.  The DPS first
urges that the trial court erred “by implicitly overruling the Department’s plea
to the jurisdiction based on Cerda’s failure to exhaust his administrative
remedies.”  By its second issue, the DPS complains that the trial court erred
in finding Cerda had a probable right to have his driver’s license restored
based on Cerda’s claim that he was acquitted of the driving while intoxicated
charge.  We vacate the trial court’s order granting a temporary injunction and
dismiss the cause for lack of jurisdiction.  

I.  Background

The underlying facts are not in
dispute.  On December 4, 2009, Cerda was arrested for driving while
intoxicated.  On that same date, he was given notice that his driver’s license
was being suspended for failure to take a breath test.  See Tex. Transp. Code Ann. § 724.032
(Vernon Supp. 2010).  Cerda did not appeal the suspension in accordance with
section 724.041 of the transportation code.  See id. § 724.041 (Vernon
Supp. 2010).  On June 28, 2010, the trial court granted Cerda’s motion to
suppress and then granted the State’s motion to dismiss based on insufficient
evidence in the driving while intoxicated case. 

Cerda then attempted to have his license
returned, but DPS denied his request.  He then filed an “original petition for
writ of mandamus and request for injunctive relief,” claiming that, because he
was “acquitted” of the driving while intoxicated charge, he was entitled to
have the suspension lifted.  See id. § 524.015(b) (Vernon Supp. 2010). 
DPS responded by filing a plea to the jurisdiction, arguing that Cerda failed
to exhaust mandatory administrative remedies.  

The trial court held a hearing, after
which it granted Cerda the relief he requested, stating in its order that Cerda
had a probable right of recovery and would suffer irreparable injury if his
license was not returned to him.  Implicitly, the trial court overruled DPS’s
plea to the jurisdiction.

II. Standard of Review

When reviewing a challenge to the trial
court’s subject matter jurisdiction, appellate courts review the trial court’s
ruling de novo.  Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 228 (Tex. 2004).  Subject-matter jurisdiction is essential for
a court to have authority to decide a case; it is never presumed, cannot be
waived, and can be raised any time.  See Alfonso v. Skadden, 251 S.W.3d
52, 55 (Tex. 2008); Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443-44 (Tex. 1993).

This case is also an appeal from an
order granting a temporary injunction.  We review the trial court’s order
granting a temporary injunction under the abuse of discretion standard.  Davis
v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978); Matagorda Hosp. Dist. v.
City of Palacios, 47 S.W.3d 96, 99 (Tex. App.–Corpus Christi 2001, no
pet.).

III. Analysis

When an individual’s driver’s license is
suspended, the right to appeal is set forth in chapter 724 of the
transportation code.  See Tex.
Transp. Code Ann. § 724.041 (Vernon Supp. 2010).  If an
individual fails to exhaust administrative remedies, the trial court lacks
subject matter jurisdiction and it must dismiss the case.  See id. §
724.044 (Vernon 1999) (stating that the department’s suspension is final and
may not be appealed if the person fails to request a hearing under section
724.041); see Thomas v. Long, 207 S.W.3d 334, 340 (Tex.
2006); see also Kurtzemann v. Texas Dep’t of Pub. Safety, No.
01-08-00543-CV, 2009 WL 2396112 at *2 (Tex. App.–Houston [1st Dist.] Aug. 6,
2009 pet. denied).  There is no dispute here—Cerda did not exhaust his administrative
remedies under the transportation code.  We hold, therefore, that the trial
court was without subject matter jurisdiction to hear the temporary injunction
and, accordingly, we sustain DPS’s first issue.

Moreover, even if we were to reach the merits
of this case, Cerda could not prevail.  He cannot show a probable right to
recover because he was not acquitted of the criminal charge.[1] 
A license suspension may not be imposed on a person who is acquitted of a
criminal charge under enumerated sections of the Texas Alcoholic and Beverage
Code.  See Tex. Transp. Code Ann.
§ 524.015 (Vernon Supp. 2010).  An acquittal is an official fact finding that
the accused is not guilty of the criminal offense with which he is charged.  Ex
parte George, 913 S.W.2d 623, 627 (Tex. Crim. App. 1995).  However, a
pre-trial order of dismissal is not regarded as an acquittal.  Tex. Dep’t of
Pub. Safety v. Nielsen, 102 S.W.3d 313, 316 (Tex. App.–Beaumont 2003, no
pet.) (holding that the prosecutor’s dismissal of criminal charges was not
tantamount to an acquittal); Tex. Dep’t of Pub. Safety v. Norrell, 968
S.W.2d 16, 19-20 (Tex. App.–Corpus Christi 1998, no pet.) (same). 

Here, the evidence was undisputed that
the case against Cerda was a pre-trial dismissal for lack of sufficient
evidence; he was not acquitted.  We sustain DPS’s second issue. 

 

IV.  Conclusion

Because the trial court was without
jurisdiction to act, we vacate the trial court’s order granting the temporary
injunction and dismiss the cause for want of jurisdiction.  

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

10th day of February,
2011.

 









[1]In order to prevail on a temporary
injunction, the applicant must plead and prove:  (1) a cause of action against
the defendant; (2) a probable right to the relief sought; and (3) a probable,
imminent, and irreparable injury in the interim.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 204 (Tex. 2002).