

# NUMBER 13-10-562-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF PUBLIC SAFETY,          Appellant,

v.

MARIO ALBERTO CERDA,          Appellee.

## On appeal from County Court at Law No. 4 of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Vela

This is an interlocutory appeal brought by appellant, the Texas Department of Public Safety ("DPS"), from an order granting a temporary injunction in favor of Mario Alberto Cerda, the appellee. The injunction order requires the DPS to return Cerda's driver's license to him. Cerda's license had previously been suspended when he

refused to take a breath test after being arrested for driving while intoxicated. The DPS first urges that the trial court erred "by implicitly overruling the Department's plea to the jurisdiction based on Cerda's failure to exhaust his administrative remedies." By its second issue, the DPS complains that the trial court erred in finding Cerda had a probable right to have his driver's license restored based on Cerda's claim that he was acquitted of the driving while intoxicated charge. We vacate the trial court's order granting a temporary injunction and dismiss the cause for lack of jurisdiction.

## I. BACKGROUND

The underlying facts are not in dispute. On December 4, 2009, Cerda was arrested for driving while intoxicated. On that same date, he was given notice that his driver's license was being suspended for failure to take a breath test. *See* TEX. TRANSP. CODE ANN. § 724.032 (Vernon Supp. 2010). Cerda did not appeal the suspension in accordance with section 724.041 of the transportation code. *See id.* § 724.041 (Vernon Supp. 2010). On June 28, 2010, the trial court granted Cerda's motion to suppress and then granted the State's motion to dismiss based on insufficient evidence in the driving while intoxicated case.

Cerda then attempted to have his license returned, but DPS denied his request. He then filed an "original petition for writ of mandamus and request for injunctive relief," claiming that, because he was "acquitted" of the driving while intoxicated charge, he was entitled to have the suspension lifted. *See id.* § 524.015(b) (Vernon Supp. 2010). DPS responded by filing a plea to the jurisdiction, arguing that Cerda failed to exhaust mandatory administrative remedies.

2

The trial court held a hearing, after which it granted Cerda the relief he requested, stating in its order that Cerda had a probable right of recovery and would suffer irreparable injury if his license was not returned to him. Implicitly, the trial court overruled DPS's plea to the jurisdiction.

## II. STANDARD OF REVIEW

When reviewing a challenge to the trial court's subject matter jurisdiction, appellate courts review the trial court's ruling de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Subject-matter jurisdiction is essential for a court to have authority to decide a case; it is never presumed, cannot be waived, and can be raised any time. *See Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993).

This case is also an appeal from an order granting a temporary injunction. We review the trial court's order granting a temporary injunction under the abuse of discretion standard. *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978); *Matagorda Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 99 (Tex. App.–Corpus Christi 2001, no pet.).

## III. ANALYSIS

When an individual's driver's license is suspended, the right to appeal is set forth in chapter 724 of the transportation code. *See* TEX. TRANSP. CODE ANN. § 724.041 (Vernon Supp. 2010). If an individual fails to exhaust administrative remedies, the trial court lacks subject matter jurisdiction and it must dismiss the case. *See id.* § 724.044 (Vernon 1999) (stating that the department's suspension is final and may not be appealed if the person fails to request a hearing under section 724.041); *see Thomas v. Long*, 207

3

S.W.3d 334, 340 (Tex. 2006); *see also Kurtzemann v. Texas Dep't of Pub. Safety*, No. 01-08-00543-CV, 2009 WL 2396112 at *2 (Tex. App.–Houston [1st Dist.] Aug. 6, 2009 pet. denied). There is no dispute here—Cerda did not exhaust his administrative remedies under the transportation code. We hold, therefore, that the trial court was without subject matter jurisdiction to hear the temporary injunction and, accordingly, we sustain DPS's first issue.

Moreover, even if we were to reach the merits of this case, Cerda could not prevail. He cannot show a probable right to recover because he was not acquitted of the criminal charge.[1] A license suspension may not be imposed on a person who is acquitted of a criminal charge under enumerated sections of the Texas Alcoholic and Beverage Code. *See* TEX. TRANSP. CODE ANN. § 524.015 (Vernon Supp. 2010). An acquittal is an official fact finding that the accused is not guilty of the criminal offense with which he is charged. *Ex parte George*, 913 S.W.2d 623, 627 (Tex. Crim. App. 1995). However, a pre-trial order of dismissal is not regarded as an acquittal. *Tex. Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 316 (Tex. App.–Beaumont 2003, no pet.) (holding that the prosecutor's dismissal of criminal charges was not tantamount to an acquittal); *Tex. Dep't of Pub. Safety v. Norrell*, 968 S.W.2d 16, 19-20 (Tex. App.–Corpus Christi 1998, no pet.) (same).

Here, the evidence was undisputed that the case against Cerda was a pre-trial dismissal for lack of sufficient evidence; he was not acquitted. We sustain DPS's second issue.

---

[1]In order to prevail on a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

## IV. CONCLUSION

Because the trial court was without jurisdiction to act, we vacate the trial court's order granting the temporary injunction and dismiss the cause for want of jurisdiction.


ROSE VELA
Justice

Delivered and filed the
10th day of February, 2011.