

**FILED**

Mar 02 2017, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Thomas M. Beeman | Donald K. McClellan |
| Alexander M. Beeman | Muncie, Indiana |
| Beeman Law | |
| Anderson, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael R. Pilkington, | March 2, 2017 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 18A02-1605-PL-1086 |
| v. | Appeal from the Delaware Circuit Court. |
| | The Honorable Thomas A. Cannon, Jr., Judge. |
| Karen A. Pilkington, | Cause No. 18C05-1510-PL-24 |
| *Appellee-Defendant.* | |

**Shepard, Senior Judge**

[1] Michael Pilkington sued his stepmother, alleging she breached her duties as trustee of a trust created by her late husband, Michael's father. The trial court dismissed the complaint with prejudice for lack of subject matter jurisdiction. We conclude that the court has authority to adjudicate Michael's complaint, and reverse.

# Facts and Procedural History

[2] Flannan and Karen Pilkington were married until Flannan's death in 2006. At the time of his death, Flannan, Karen, Michael, and Patrick each owned percentage interests in five limited liability corporations that held real property. Flannan's will was probated and Karen was named trustee of a trust Flannan created by last will. The trust contained Flannan's interest in the five limited liability corporations (the "LLCs"). Karen was entitled to income from the trust during her life. Upon her death, the trust assets passed to her stepsons Michael and Patrick Pilkington. The trust contained a spendthrift provision: "No creditor of my wife or any residual beneficiary shall have the right to invade this trust for the purpose of satisfying the debts of my wife or any residual beneficiary." Appellant's App. p. 12, Last Will and Testament of Flannan M. Pilkington.

[3] In 2009, Michael filed Chapter 7 bankruptcy. By request of the bankruptcy trustee, his interest in the LLCs were sold to Karen for $20,000. The description of the interest sold was not specific, e.g., deeds prepared by the bankruptcy trustee quitclaimed to Karen "any interest [Michael] may have in the . . . described real property." *See* Defendant's Exhibits A, B, C, and D.

[4] In 2015, Michael filed a complaint against Karen in the Delaware Circuit Court, alleging (among other things) that she breached her duties as trustee. Michael also alleged that he retained his beneficiary interest in the trust and that only his "entity interests" in the LLCs were sold to Karen during the

bankruptcy. Appellant's App. pp. 6-7. Michael sought (among other things) an accounting of all trust activity, Karen's removal as trustee, and an order requiring Karen to restore trust assets and make up for any losses. *Id*. at 9.

[5] Separately, Patrick sued Karen in the Delaware Circuit Court over the management, operation, and ownership of the trust assets. They entered into a settlement in April 2015, agreeing to sell all of the properties held by the LLCs and divide the proceeds 51% to 49% in favor of Patrick. Michael was not a named party and did not intervene in the action.

[6] On February 9, 2016, Karen moved to dismiss Michael's complaint for lack of subject matter jurisdiction. She argued that the bankruptcy court's order and the quitclaim deeds divested Michael of any interest he had in the LLCs, including his remainder interest; that Michael's complaint stemmed from the bankruptcy court's sale of his interest in the LLCs; and that the Delaware Circuit Court, a court of general jurisdiction, had no subject matter jurisdiction over what Karen characterized as "a bankruptcy court determination." *Id*. at 38-39. According to Karen, the bankruptcy court first needed to determine whether Michael retained a remainder interest in the trust before the state court could act on his complaint against her.

[7] Michael responded by saying that his "complaint [contained] no claims which would fall under the jurisdiction of the bankruptcy court." *Id*. at 54. He then argued his remainder interest in the trust was not included in the bankruptcy

sale because of the spendthrift provision, and that under applicable law the remainder interest could not be sold by the bankruptcy trustee.

[8] Following a hearing, the trial court granted Karen's motion and dismissed Michael's complaint with prejudice, finding that it was an improper collateral attack on the judgment issued in the litigation between Patrick and Karen, and that Michael could have intervened in that litigation but did not. It also noted that he could have sought relief from the bankruptcy court.

## Issue

[9] Michael argues on appeal that the trial court erred in concluding that the Delaware Circuit Court lacked subject matter jurisdiction.

## Discussion and Decision

### *Motion to Strike*

[10] Initially, we must address Karen's motion to strike portions of Michael's brief and appendix. Karen alleges Michael's statement of the facts contains argument, and that the appendix contains the chronological case summary (CCS) from the bankruptcy court which was not admitted into evidence and is not properly before us.

[11] We agree, and Michael concedes, the CCS was never admitted. Therefore, it cannot be considered. *See Cochran v. Rodenbarger*, 736 N.E.2d 1279, 1283 (Ind. Ct. App. 2000) (evidence must be admitted into evidence in order to be considered). However, we do not find Michael's statement of the facts so rife

with argument that it is appropriate to strike parts of it. By separate order issued contemporaneously with this opinion, we grant Karen's motion to strike the CCS from the appendix, as well as references to the CCS found in Michael's brief, but deny the motion to strike portions of the statement of the facts.

### Standard of Review

Subject matter jurisdiction concerns the power of a court to hear and determine a general class of cases to which the proceeding before it belongs. *Santiago v. Kilmer*, 605 N.E.2d 237 (Ind. Ct. App. 1992). "'The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether th[e] kind of claim the plaintiff advances falls within the general scope of authority conferred upon such court by the constitution or statute.'" *Harp v. Ind. Dep't. of Highways*, 585 N.E.2d 652, 656 (Ind. Ct. App. 1992) (quoting *State ex rel. Young v. Noble Cir. Ct.*, 263 Ind. 353, 356, 332 N.E.2d 99, 101 (1975)).

Indiana Code section 33-28-1-2 (2011) provides that all circuit courts have original and concurrent jurisdiction in all civil cases and in all criminal cases. Courts of such general jurisdiction are presumed to have subject matter jurisdiction. *Mishler v. Cnty. of Elkhart*, 544 N.E.2d 149 (Ind. 1989).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. *GKN Co. v. Magness*, 744 N.E.2d 397 (Ind. 2001). The standard of appellate review for such a motion depends on what occurred in the trial court, and on "(i) whether the trial court resolved disputed

facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a 'paper record.'" *Id.* at 401. We review de novo a trial court's ruling on a motion to dismiss where, as here, the facts before the court are disputed and the trial court rules on a paper record. *Id.* Under such circumstances a court of review is in as good a position as the trial court to determine whether the court has subject matter jurisdiction. *Id.*

### *Underlying Question – Beneficiary Interest*

Karen maintains that Michael's dispute "centers around the actions of the [bankruptcy court] in handling, selling and conveying to Karen, [sic] Michael's interest in the [trust assets,]" and that the dispositive issue is whether Michael retained his beneficiary interest. Appellee's Br. pp. 11-12. Karen contends that only the bankruptcy court can make this determination.

We agree that Michael's complaint rests on whether his beneficiary interest in the trust was extinguished in the bankruptcy, and that this issue is dispositive. However, we disagree with regard to whether the trial court has authority to determine the matter.[1]

---

[1] We decline to address the additional arguments Michael raises on appeal regarding the trial court's decision to dismiss his complaint, i.e., improper collateral attack, failure to intervene in Patrick and Karen's action, failure to seek relief in the bankruptcy court, and failure to seek an accounting of the trust from the probate court. These may yet be live issues, but only depending on the outcome of further proceedings concerning the nature of the bankruptcy court determination.

### Subject Matter Jurisdiction

[17]     The jurisdiction of the federal district and bankruptcy courts is established in the Bankruptcy Code. *See* 11 U.S.C. §§ 101-1330 (2010). In particular, 28 U.S.C. § 1334 states in relevant part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a) and (b). Although Congress has given the federal district courts "original and exclusive jurisdiction of all cases *under* title 11," the district courts do not have "exclusive jurisdiction of all civil proceedings *arising under* title 11 or *arising in or related to* cases under title 11." *Id*. (emphasis added). The district courts and their bankruptcy units have exclusive jurisdiction only over "the bankruptcy petition itself." *See Matter of Wood*, 825 F.2d 90, 92 (5th Cir. 1987). In other matters "arising in" or "related to" title 11 cases, unless the bankruptcy code provides otherwise, state courts have concurrent jurisdiction. *Matter of Brady, Texas, Mun. Gas Corp.*, 936 F.2d 212, 218 (5th Cir. 1991).

[18]     In determining the question before us, we find guidance in cases from other jurisdictions. The Nebraska Supreme Court has provided helpful analysis in the course of deciding whether a probate court had jurisdiction to determine what

was sold at a bankruptcy auction. The marriage of Ina and Willis Odenreider gave rise to the litigation *In re Estate of Odenreider*, 837 N.W.2d 756 (Neb. 2013). Willis passed away in 1990. Through a trust, he left Ina a life estate in certain property, with certain remainder interests vested in her two sons Robert and Joel, and the children of Robert and Joel. In 1998, one of Joel's children, Christy, filed for chapter 7 bankruptcy and listed as an asset her contingent interest in Willis' trust. Robert's son Mark purchased the interest at a bankruptcy auction. The interest sold was described as "whatever interest Christy had in the trust." *Id.* at 760. In 2005, Ina executed a last will and testament. Via trust, she left her interest in the property to Robert and Joel. If either Robert or Joel had died, his children would take an interest in the property. Joel (Christy's father) predeceased Ina. Ina died in 2010. Robert served as personal representative of the estate.

[19]    A proposed schedule of distribution of the estate listed Mark as having Christy's interest in Ina's property. Christy filed a motion for supervised administration, arguing (among other things) that she had been left an interest in Ina's property. *Id.* at 760-61. Robert argued that the bankruptcy court was the proper forum to determine what Christy had sold as part of her bankruptcy. *Id.* at 761.

[20]    Christy filed a motion with the bankruptcy court to consider the question of what interest was sold to Mark at the bankruptcy auction. The bankruptcy court denied the motion, concluding that the probate court was better positioned to determine the question. The probate court heard the matter and ruled in Christy's favor. *Id.* Robert appealed.

[21] The Nebraska Supreme Court concluded that the case "[u]ltimately . . . deal[t] with the construction and probate of Ina's will and the inheritance of her heirs, in light of Christy's prior bankruptcy filing." *Id*. at 765. The court then discussed *Marshall v. Marshall*, 547 U.S. 293, 296, 126 S. Ct. 1735, 1739, 164 L. Ed. 2d 480 (2006), where the U.S. Supreme Court clarified that the probate or annulment of a will and the administration of a decedent's estate are reserved to state probate courts, but that the "probate exception . . . does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id*. Chief Justice Heavican noted that "[n]othing in *Marshall* compels this court to conclude that the federal bankruptcy court has exclusive jurisdiction over the matters at issue in this case." *Odenreider*, 837 N.W.2d at 765.

[22] Similar analysis drove *Dunn v. Menassen*, 913 S.W.2d 621, 624 (Tex. App. 1995), *writ denied* (June 28, 1996), which arose from an action alleging misrepresentation in violation of the Texas Deceptive Trade Practices – Consumer Protection Act (DTPA). The case began in 1989 when M & M Distributors sued Dunn, alleging misrepresentation in violation of the DTPA. Dunn prevailed on summary judgment, M & M Distributors appealed, and the Texas Court of Appeals reversed and remanded on the misrepresentation claim. *See M & M Distributors v. Dunn*, 819 S.W.2d 639 (Tex. App. 1991).

[23] In 1993, Dunn filed a motion to abate in the trial court, alleging that an individual named Miguel A. Mena was the owner of M & M Distributors and that he had filed for bankruptcy. At the evidentiary hearing on the motion,

Miguel testified that he became the owner of the company in 1987, that his brother Jose Menassen owned the company from 1983 to 1987, and that Miguel filed for bankruptcy in 1990. [2] The trial court denied the motion to abate, conducted a bench trial, and ruled in favor of M & M Distributors.

[24] On appeal, Dunn contended that the trial court abused its discretion in denying the motion to abate because "the trial court did not have jurisdiction to determine whether the claim against Dunn belonged to Jose or to Miguel[.]" *Dunn*, 913 S.W.2d at 623. According to Dunn, the bankruptcy court had exclusive jurisdiction to do so. *Id.* The appeals court disagreed and determined that the trial court did not err in failing to abate the action because the bankruptcy had concluded sixteen months before the abatement hearing and the bench trial took place. *Id.* at 624. The court noted that the "record is devoid of any hint that the former trustee of the estate moved to reopen the case in bankruptcy court in order to pursue the claim against Dunn for the bankrupt's estate." *Id.* It also noted that while the bankruptcy proceeding was pending, "it did not purport to affect Jose Menassen, the plaintiff in [the suit before the court]." *Id.*

[25] In *Fuqua v. Graber*, 158 S.W.3d 635 (Tex. App. 2005), *aff'd*, 279 S.W.3d 608 (Tex. 2009), Richard Fuqua filed a malicious prosecution suit in the Texas state court against Thomas Graber, an attorney, and Graber's law firm. Fuqua

---

[2] Miguel testified at the evidentiary hearing that his name is Miguel Menassen, but that his last name is pronounced Mena.

argued that Graber and his firm, acting on behalf of a client, wrongfully filed an adversary proceeding in Fuqua's then-pending bankruptcy case. *Id*. at 637. Graber and the firm challenged jurisdiction, maintaining that because Fuqua's claim was premised on an adversary proceeding in a bankruptcy case, it was preempted. The trial court granted the plea and dismissed Fuqua's claim.

[26] The Texas Court of Appeals reversed, examining an array of Ninth Circuit cases, cases from the California appellate court, a Pennsylvania Superior Court case, a Kansas federal district case, and cases from the Florida District Court of Appeals. *See id*. at 640. Turning to the case before it, the Texas Court of Appeals noted that Fuqua's malicious prosecution claim did not accrue until five years after he was discharged in bankruptcy. The court then concluded, relying on its decision in *Dunn*, that "Fuqua's . . . claim could not have interfered with the bankruptcy court's jurisdiction, and that the state court's jurisdiction is therefore not precluded." *Fuqua*, 158 S.W.3d at 646 (citing *Dunn*, 913 S.W.2d at 623-24).

[27] The above-discussed cases contrast with *Halas v. Platek*, 239 B.R. 784 (N.D. Ill. 1999), in which the issue before the federal district court was whether state courts have jurisdiction to impose sanctions when an individual is injured by a willful violation of a bankruptcy court's automatic stay. *Halas*, 239 B.R. at 785; 11 U.S.C. § 362(h). In other words, the question was "whether a § 362(h)[3]

---

[3] Later recodified at § 362(k).

motion for sanctions falls under the exclusive jurisdiction of the bankruptcy court pursuant to § 1334(a) or under the non-exclusive jurisdictional provision of § 1334(b)." *Halas*, 239 B.R. at 788. The bankruptcy court found that § 1334(a)'s exclusive jurisdiction provision did not apply. *Id*. at 789. The district court disagreed, finding that a § 362(h) request for sanctions is within the exclusive jurisdiction of the bankruptcy court under § 1334(a). *Id*. at 792.[4] The district court quoted *Gonzales v. Parks*, 830 F.2d 1033, 1036 (9th Cir. 1987) as follows: "Indeed, '[i]t is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized.'" *Halas*, 239 B.R. at 792.

[28] Turning to the instant case, we first agree with our Nebraska colleagues' decision in *Odenreider* that nothing in *Marshall* compels the conclusion that the bankruptcy court had exclusive jurisdiction over the matters at issue in this case. Second, as in *Dunn* and *Fuqua*, Michael's bankruptcy was concluded before he filed his action against Karen. And third, unlike in *Halas*, Michael's complaint does not require the Delaware Circuit Court to determine penalties in connection with the bankruptcy process. *Accord Matter of Wood*, 825 P.2d. 90.

---

[4] In reaching its determination, the court focused on two cases that address whether state courts have concurrent jurisdiction to impose § 362(h) sanctions: *Hawthorne v. Hameed, M.D.*, 836 P.2d 683 (Okl. Civ. App. 1989) (no) and *Powell v. Washington Land Co., Inc.*, 684 A.2d 769 (D.C. 1996) (yes). The district court ultimately determined that "[w]hile the decision in *Powell* is well-reasoned, the court finds the holding in *Hawthorne* to be more consistent with the aims of the Bankruptcy Code." *Halas*, 239 B.R. at 792.

We, therefore, hold that the trial court had jurisdiction over Michael's complaint. We reverse and remand and direct the court to determine first the threshold question of whether Michael's beneficiary interest in the trust survived the bankruptcy proceeding.

# Conclusion

The trial court did err in dismissing the complaint with prejudice. This cause is remanded for further proceedings on whether Michael's beneficiary interest in the trust survived the bankruptcy. In all other respects, the trial court's decision is affirmed without prejudice to Michael refiling his complaint once the dispositive question regarding his remainder interest has been decided.

Reversed and remanded.

Najam, J., and Crone, J., concur.